UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINALD LEACH,**<br><br>Petitioner,<br><br>v.<br><br>**ROBERT CHETIRKIN, et al.,**<br><br>Respondents. | Civil Action No. 21-19298 (MCA)<br><br>**MEMORANDUM & ORDER** |

**THIS MATTER** comes before the Court on Respondents' motion to dismiss (ECF No. 6) Petitioner Reginald Leach's ("Petitioner") petition for a writ of habeas corpus (the "Petition") (ECF No. 1), which Petitioner brings pursuant to 28 U.S.C. § 2254. Respondents seek dismissal of the petition as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) ("AEDPA").[1] Because the record is incomplete, the Court will administratively terminate the motion and require Respondents to supplement the record and their arguments.

Petitioner was charged in Indictment # 01-04-0403-I with two separate acts of armed robbery and related offenses. (*See* S1.) The first robbery occurred at a Fashion Bug store on September 20, 2000, in Totowa, which is in Passaic County, New Jersey. The second robbery occurred at a different Fashion Bug store on September 29, 2000, in Parsippany, which is in Morris County, New Jersey. (*See id.*) Prior to trial, the charges were severed, and Petitioner was

---

[1] Based on the available record, the Court dismissed the Petition without prejudice as untimely at screening, but permitted Petitioner to move to reopen the matter. (ECF No. 2.) Petitioner filed a motion to reopen the matter, and the Court granted that motion and directed Respondents to file their Answer on July 31, 2023. (ECF Nos. 3-4.) Respondents subsequently moved to dismiss the Petition on timeliness grounds. (ECF No. 6.)

1

tried separately for the Totowa and Parsippany armed robberies. With respect to the Totowa robbery, a jury found Petitioner guilty of Count One, first degree robbery, and Count Two, third degree criminal restraint. (S2, S5.) The jury acquitted Petitioner of Count Three, possession of an imitation firearm. (*See* S5.) The trial court sentenced Petitioner as a persistent offender to an extended term of 40 years in prison with a 20-year parole disqualifier on the first-degree robbery charge and imposed a five-year concurrent sentence for the criminal restraint charge.[2] (*See id.*) Petitioner's Judgment of Conviction ("JOC") for the Totowa robbery (Counts One, Two, & Three) is dated February 20, 2004. (S2.)

With respect to the Parsippany robbery, a jury found Petitioner guilty of Counts Four, Five, and Six, and the trial court sentenced him to a term of twenty years in prison with a ten-year parole disqualifier on the robbery count, which was to be served consecutively to the February 20, 2004 sentence. (*See* S4, S3.) Count Six, the imitation firearm charge, was merged into Count Four, and the Court sentenced Petitioner to a five-year concurrent sentence on the criminal restraint charge in Count Five. (*See id.*) The JOC for the Parsippany robbery (Counts 4, 5, & 6) is dated December 16, 2004.[3] (S3.)

Petitioner appealed both convictions, and on December 28, 2006, the Appellate Division issued separate decisions affirming each conviction. Although the Appellate Division affirmed Petitioner's convictions, it remanded for resentencing as to both convictions. (S4-S5.) With respect to the Parsippany robbery, the Appellate Division remanded for resentencing in light of

---

[2] Respondents appear to have mixed up the Appellate Division decisions for the Totowa and Parsippany robberies. (*See* S4 and S5.)

[3] Petitioner, Respondents, and the Appellate Division all refer a July 16, 2004 JOC in connection with the Parsippany robbery. It appears that the Parsippany JOC may have been amended to add gap time credits. (*See* S3.)

*State v. Natale*, 184 N.J. 458 (2005).[4] (S4 at 11.) The Appellate Court stated the following in remanding for sentencing:

> Affirmed, with a remand for resentencing in light of *Natale, supra,* 184 N.J. at 458. Review of the sentence on count four should be joined with review of the sentence on count one.

(*Id.*) Respondents have not provided amended JOCs or resentencing transcripts or stated whether resentencing was conducted for either conviction. The Supreme Court denied certification as to both convictions on April 30, 2007. (S6-S7.)

In the instant Petition, Petitioner challenges his Judgment of Conviction for the Parsippany robbery. (*See* ECF No. 1.) Respondents have moved to dismiss the Petition on timeliness grounds, but they have not provided a post-remand amended JOC or addressed whether that resentencing would reset Petitioner's one-year limitation period with respect to the Petition or the convictions affected by the resentencing. *See, e.g., Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300-01 (3d Cir. 2019) (analyzing when a resentencing results in a new judgment as to every count of a conviction or only some counts of a conviction); *see also Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004) (holding that § 2244(d) must be applied on a claim-by-claim basis).

At this time, the Court will require Respondents to clarify whether Petitioner was resentenced for the Parsippany robbery conviction in accordance with the Appellate Division's opinion. If so, they shall supplement the record with the Amended JOC and sentencing transcript and address the effect of the resentencing on Petitioner's federal habeas on a claim-by-claim basis. If no resentencing has occurred, Respondents shall notify the Court and address whether Petitioner's Parsippany JOC is final for purposes of federal habeas review. *See Burton*

---

[4] The Appellate Division remanded for resentencing in light of *State v. Pierce*, 188 N.J. 155 (2006) for the Totowa robbery, which Petitioner is not challenging in this Petition.

3

*v. Stewart*, 549 U.S. 147, 156–57 (2007) (judgment becomes final when time for challenging conviction and sentence expires).

To assist the Court in resolving this matter, the Court will also require Respondents to supplement the record with the relevant documents from Petitioner's collateral proceedings. Petitioner claims that he filed a first PCR petition with respect to the Parsippany conviction in February 2008, and that the state courts ignored this PCR and persistently misconstrued his later PCR petitions as challenges to his Totowa conviction. (*See* ECF No. 10.) Petitioner has included a copy of what appears to be a PCR petition dated February 4, 2008, and stamped received on February 6, 2008. That submission refers to Counts Four, Five, and Six and appears to relate to the Parsippany robbery conviction. (*See id.* at 7-23.) Petitioner contends that this PCR petition challenging the Parsippany robbery conviction languished in the state court for approximately six years. (*See id.* at 3.)

The Court directs Respondents to clarify whether the state has a record of Petitioner's February 2008 PCR. Respondents shall supply any records it has related to the February 2008 PCR and address whether that PCR petition was "properly filed" for purposes of § 2244(d)(2).

In addition, Respondents have not provided the full record for Petitioner's other collateral proceedings, which are presumably available and within Respondents' control. Respondents shall supplement the record by providing the PCR petition/motion, Petitioner's supporting brief(s), the state's brief(s) (if any), the PCR court's decision, and the appellate briefs (if an appeal was taken) for the October 1, 2007 PCR, the March 17, 2014 PCR, the March 15, 2016 motion for a new trial, and the September 4, 2018 PCR.[5]

---

[5] If Respondents already provided certain documents, they need not resubmit them.

4

Within 45 days, Respondents shall file the supplemental record and briefing on the docket and serve a copy of the supplemental record and briefing on Petitioner at the address on file. Petitioner may submit a supplemental brief and/or evidence within 45 days of his receipt of Respondents' supplemental submission. The Court will ADMINISTRATIVELY TERMINATE the motion to dismiss and ADMINISTRATIVELY TERMINATE this matter for docket management purposes. The Court will reactivate the motion to dismiss and restore this matter to its active docket once the record and briefing are complete.

**IT IS, THEREFORE** on this 25 day of April 2024,

**ORDERED** that within 45 days, Respondents clarify whether Petitioner was resentenced with respect to the Parsippany robbery conviction in accordance with the Appellate Division's opinion; if so, they shall supplement the record with the Amended JOC and resentencing transcript and address the effect of the resentencing on Petitioner's habeas statute of limitations on a claim-by-claim basis; and it is further

**ORDERED** that to the extent Petitioner has not been resentenced with respect to the Parsippany robbery conviction, Respondents shall notify the Court and address whether Petitioner's conviction is final for purposes of federal habeas review; and it is further

**ORDERED** that within 45 days, Respondents shall also clarify whether the state has a record of Petitioner's February 2008 PCR; Respondents shall supply any records it has related to the February 2008 PCR and address whether that PCR petition was "properly filed" for purposes of § 2244(d)(2); and it is further

**ORDERED** that within 45 days, Respondents shall supplement the record by providing the petition/motion, Petitioner's supporting brief(s), the state's briefs (if any), the PCR court's decision, and the appellate briefs (if an appeal was taken) for the October 1, 2007 PCR, the

5

March 17, 2014 PCR, the March 15, 2016 motion for a new trial, and the September 4, 2018 PCR; and it is further

**ORDERED** that the supplemental record shall be clearly labeled and accompanied by an Index; and it is further

**ORDERED** that Respondents shall also serve a copy of the supplemental record and briefing on Petitioner at the address on file; and it is further

**ORDERED** that Petitioner may submit a supplemental brief and/or other evidence within 45 days of his receipt of Respondents' supplemental record and briefing; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE the motion to dismiss at ECF No. 6 pending completion of the record and the briefing; and it is further

**ORDERED** that the Clerk of the Court shall also ADMINISTRATIVELY TERMINATE this matter pending completion of the record and the supplemental briefing; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner by regular U.S. mail.

                                                 _____
                                                 Madeline Cox Arleo, District Judge
                                                 United States District Court