UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINALD LEACH,**<br><br>Petitioner,<br><br>v.<br><br>**ROBERT CHETIRKIN, et al.,**<br><br>Respondents. | Civil Action No. 21-19298 (MCA)<br><br>MEMORANDUM OPINION |

**THIS MATTER** comes before the Court on Respondents' second motion to dismiss (ECF No. 19) Petitioner Reginald Leach's ("Petitioner") petition for a writ of habeas corpus (the "Petition") (ECF No. 1), which Petitioner brings pursuant to 28 U.S.C. § 2254. Respondents seek dismissal of the petition as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) ("AEDPA").[1] For the reasons explained below, the motion to dismiss is **GRANTED**, and the Court declines to issue a certificate of appealability.

I.  **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was charged in Indictment # 01-04-0403-I with two separate acts of armed robbery and related offenses. (*See* ECF No. 6-1, S1.) The first robbery occurred at a Fashion Bug store on September 20, 2000, in Totowa, which is in Passaic County, New Jersey. The second robbery occurred at a different Fashion Bug store on September 29, 2000, in Parsippany, which is

---

[1] Based on the available record, the Court dismissed the Petition without prejudice as untimely at screening, but permitted Petitioner to move to reopen the matter. (ECF No. 2.) Petitioner filed a motion to reopen the matter, and the Court granted that motion and directed Respondents to file their Answer on July 31, 2023. (ECF Nos. 3-4.) Respondents subsequently moved to dismiss the Petition on timeliness grounds. (ECF No. 6.) The Court ordered supplemental briefing and Respondents filed that briefing and renewed their motion to dismiss. (ECF No. 12.)

in Morris County, New Jersey. (*See id.*) Prior to trial, the charges were severed, and Petitioner was tried separately for the Totowa and Parsippany armed robberies.

With respect to the Totowa robbery, a jury found Petitioner guilty of count one, first degree robbery, and count two, third degree criminal restraint. (ECF Nos. 6-2, S2, 6-5, S5.) The jury acquitted Petitioner of count three, possession of an imitation firearm. (*See* ECF No. 6-5, S5.) The trial court sentenced Petitioner as a persistent offender to an extended term of 40 years in prison with a 20-year parole disqualifier on the first-degree robbery charge and imposed a five-year concurrent sentence for the criminal restraint charge. (*See id.*) Petitioner's Judgment of Conviction ("JOC") for the Totowa robbery (counts 1 & 2) is dated February 20, 2004. (ECF No. 6-2, S2.)

With respect to the Parsippany robbery, a jury found Petitioner guilty of robbery, criminal restraint, and possession of an imitation firearm (counts 4, 5, & 6), and the trial court sentenced him to a term of twenty years in prison with a ten-year parole disqualifier on the robbery count, which was to be served consecutively to the February 20, 2004 sentence. (*See* ECF Nos. 6-4, 6-3, S4, S3.) Count six, the imitation firearm charge, was merged into count four, and the Court sentenced Petitioner to a five-year concurrent sentence on the criminal restraint charge in count five. (*See id.*) The JOC for the Parsippany robbery (counts 4, 5, & 6) is dated December 16, 2004.[2] (ECF No. 6-3, S3.)

Petitioner appealed both convictions, and on December 28, 2006, the Appellate Division issued separate decisions affirming each conviction. Although the Appellate Division affirmed Petitioner's convictions, it remanded for resentencing as to both convictions. (ECF Nos. 6-4, 6-5,

---

[2] Petitioner, Respondents, and the Appellate Division all refer a July 16, 2004 JOC in connection with the Parsippany robbery. It appears that the Parsippany JOC may have been amended to add gap time credits. (*See* ECF No. 6-3, S3.)

S4-S5.) With respect to the Parsippany robbery, the Appellate Division remanded for resentencing in light of *State v. Natale*, 184 N.J. 458, 495-96 (2005) (ordering a new sentencing hearing "based on the record at the prior sentencing" in which "the trial court must determine whether the absence of the presumptive term in the weighing process requires the imposition of a different sentence").[3] The Appellate Court stated the following in remanding for sentencing:

> Affirmed, with a remand for resentencing in light of *Natale*, *supra*, 184 N.J. at 458. Review of the sentence on count four should be joined with review of the sentence on count one.

(ECF No. 6-4. S4 at 12.) The Supreme Court denied certification as to both convictions on April 30, 2007. (ECF Nos. 6-6, 6-7, S6-S7.)

On January 30, 2007, Judge Randolph M. Subryan resentenced Petitioner as to both the Totowa and Parsippany robberies and reimposed the same sentence for each conviction. (*See* ECF No. 19-2, S25.) As relevant to count four, after considering the factors under *Natale,* the court made "no change to the sentence" and reimposed the 20-year sentence with 10 years of parole ineligibility. (*Id.*, Resentencing Tr. at 15:21-16:3.) Although the court also entered an amended judgment of conviction, that Amended JOC lists only Counts 1 and 2, i.e., the Totowa conviction. (*See* ECF No. 19-3, S26.) Petitioner did not appeal from the resentencing or the Amended JOC.

On or about September 20, 2007, Petitioner submitted his first pro-se PCR in relation to the Totowa robbery. (ECF No. 19-4, S27.) The PCR court held a motion hearing on April 24, 2009 (ECF No. 19-6, S29), and on May 18, 2009, the PCR court denied Petitioner PCR in connection with the Totowa robbery. (ECF Nos. 19-7, 19-8, S30-S31.) On March 24, 2010, Petitioner filed a notice of appeal. (ECF No. 19-9, S32.) On December 14, 2011, the Appellate

---

[3] The Appellate Division remanded for resentencing in light of *State v. Pierce*, 188 N.J. 155 (2006) for the Totowa robbery, which Petitioner is not challenging in this Petition.

Division affirmed the denial of Petitioner's PCR in connection with the Totowa robbery.[4] (ECF No. 6-8, S8.) On June 8, 2012, the Supreme Court denied certification on Petitioner's PCR in connection with the Totowa robbery. (ECF No. 6-9, S9.) Petitioner thereafter filed a federal habeas petition with respect to the Totowa robbery, which was denied on December 21, 2015.[5] (ECF No. 6-11, S11, Civ. No. 12-7605 (JBS).)

In the instant Petition, Petitioner challenges his conviction and sentence for the Parsippany robbery. (*See* ECF No. 1.) In response to the Court's Order, Respondents have conducted a search but have been unable to provide Petitioner's PCR filings related to the Parsippany robbery. (*See* ECF No. 19-31, S52, Certification of Timothy P. Kerrigan dated Aug. 12, 2024.) Petitioner claims that he filed a first PCR petition with respect to the Parsippany conviction on February 6, 2008. (ECF No. 10 at 7.) He has provided a document that bears a stamp, stating, "RECEIVED FEB 06, 2008," but the stamp does not include any court information. (*Id.*) This submission appears to relate to the Parsippany robbery conviction. (*See id.* at 7-23.) Petitioner has also provided a printout from New Jersey's Promis Gavel System referencing a PCR filed on June 13, 2008, that is listed as "Postponement/Adjourn." (*See id.* at 21.) Petitioner contends that this PCR petition challenging the Parsippany robbery "lay dormant for over six years until Petitioner submitted a poorly written motion dated Match 17, 2014[,]" which he has attached to his traverse. (*Id.* at 3, 22-23.) Petitioner's motion dated March 17, 2014, does not refer to the 2008 PCR, and he has not provided the brief or appendix referenced in the notice of motion.

---

[4] The Appellate Division also noted that the record did not include any indication that a resentencing had been conducted but noted that it had "no impact on the issues raised in this appeal."

[5] In the *Mason* Order issued in that case, the District Court recognized that the Totowa and Parsippany robberies were separate convictions and noted that Petitioner could not challenge two different convictions in one habeas petition. (*See* ECF No. 6-10, Civ. No. 12-7605 (DRD) at 6, n2.)

The record, however, contains an Order dated October 8, 2014, issued by Honorable Miguel de la Carrera, denying Petitioner's "second PCR." (ECF No. 6-12, S12.) The Order states that Petitioner submitted his second PCR on March 17, 2014, and likewise does not mention the 2008 PCR. (*See id.* at 2.) It appears that Judge de la Carrera viewed the PCR related to the Totowa robbery as Petitioner's first PCR and treated the March 17, 2014 filing as his second PCR. Judge de la Carrera found the Petition deficient under N.J. Ct. R. 3:22-8 and dismissed it without prejudice. (*See id.* at 4.) Petitioner alleged in his Petition that he sought reconsideration of this Order (ECF No. 1, Petition at 19), but he has not provided any evidence to support this assertion. It appears undisputed that Petitioner did not file a notice of appeal with respect to Judge de la Carrera's Order of dismissal.

On March 5, 2015, Petitioner filed a motion to correct an illegal sentence, which was stamped received on June 4, 2015. (ECF No.19-11, S34.) This motion challenged the imposition of an extended term of imprisonment for the Totowa robbery. (*See id.*) On April 30, 2018, Judge Sohail Mohammed issued an order and opinion denying the motion correct an illegal sentence in relation to the Totowa robbery.[6] (ECF No. 6-13, S13.) Petitioner appealed, but his appeal was dismissed on December 5, 2018 for failure to pay the filing fee. (*See* ECF No. 19-13, S36.)

On or about September 4, 2018, Petitioner filed another PCR, arguing that his attorney provided ineffective assistance. (ECF No. 19-14, S37.) On July 10, 2019, Judge Mohammed issued an order and opinion denying that PCR as untimely and procedurally barred. (*See* ECF No.

---

[6] Judge Mohammed concluded that the State had timely filed its motion for an extended term and declined to address Petitioner's claims that trial counsel failed to advise him that he could be sentenced to an extended term, failed to make him aware of the State's evidence, and failed to advise him of the State's plea offer, the plea cutoff date, the maximum sentence exposure, or the possibility of an extended term. (*See id.*) Judge Mohammed reasoned that these were ineffective assistance of counsel claims that were time-barred and procedurally barred by R. 3:22-12(a)(2). (*Id.*)

6-14, S14.) On March 24, 2021, the Appellate Division affirmed the denial of PCR for the reasons stated by the PCR judge. (ECF No. 6-15, S15.) The Appellate Division also addressed Petitioner's argument that the 2018 PCR was his first challenging the Parsippany robbery but rejected this argument as lacking record support. (*Id.* at 6-7.) Moreover, the Appellate Division found that even if Petitioner's latest PCR was the first petition to address the Parsippany robbery, "it is untimely because it was filed more than five years after the conviction date without proof of 'excusable neglect'." (*Id.* at 7.) On September 13, 2021, the Supreme Court denied certification. (ECF No. 6-16, S16.)

On June 14, 2021, Petitioner filed another pro se motion to correct an illegal sentence, challenging the imposition of consecutive sentences for the Totowa and Parsippany robberies. (ECF Nos. 19-21, S42; 19-24, S45.) In this motion, Petitioner claimed that the court did not hold a new resentencing proceeding and pointed out that his Amended JOC does not address both convictions. (*See id.*) The State opposed the motion, arguing that Judge Subryan conducted the resentencing in accordance with the Appellate Division's directive, and provided a transcript of the audio-recorded resentencing. (*See* ECF No. 19-25, S46 at 2-4.) In his reply brief, Petitioner's counsel conceded that Petitioner had been resentenced but argued that Petitioner was not resentenced in accordance with the Appellate Division's remand. (ECF No. 19-26, S47.) After a motion hearing (ECF No. 6-18, S18), the trial court denied the motion to correct an illegal sentence, finding that Judge Subryan had properly resentenced Petitioner on January 30, 2007 pursuant to the Appellate Division's directive. (ECF No. 6-19, S19.)

Following a motion hearing on June 5, 2023 (ECF No. 6-20, S20), the Appellate Division affirmed the denial of Petitioner's motion to correct an illegal sentence. (ECF No. 6-21, S21.) On

July 1, 2023, Petitioner filed a petition for certification. (ECF No. 6-22, S22.) On October 3, 2023, the Supreme Court denied certification. (ECF No. 8 at 2.)

On October 20, 2021, Petitioner filed his initial habeas Petition challenging the Parsippany conviction and sentence. (ECF No. 1, Petition at 20.) Ground One challenges the admission of evidence of Petitioner's drug use, the prosecutor's reliance on that evidence in summation, and the trial court's failure to issue a limiting instruction. (Petition at 8.) Ground Two challenges the trial court's alleged failure to include all relevant testimony in responding to the jury's request for a readback. (*Id.*) Ground Three challenges the sufficiency of the evidence on the conviction for criminal restraint. (*Id.*) Grounds Four and Five challenge the twenty-year sentence imposed on count 4 and seeks a resentencing. (*Id.* at 9.) Grounds Six, Seven, and Eight relate to Petitioner's PCR proceedings, seek to overcome procedural bars, and allege claims of ineffective assistance of counsel. (*Id.* at 9-10.)

On November 20, 2022, this Court dismissed the Petition as untimely at screening based on the dates in the Petition and the available record but permitted Petitioner to file a motion to reopen if he could provide facts in support of equitable tolling. (ECF No. 2.) Petitioner filed a motion to reopen that the Court reopened the matter and directed Respondents to answer or move to dismiss the Petition. (ECF Nos. 3-4.)

Respondents filed their first motion to dismiss on September 14, 2023. (ECF No. 6.) Petitioner filed a traverse, and Respondents filed a reply brief. (ECF Nos. 10-11.) Because Respondents did not provide the resentencing transcript or the Amended JOC, the Court directed Respondents to supplement the record and their arguments, and also directed them to provide the available record for Petitioner's collateral proceedings. (ECF No. 14.)

After receiving two extensions, Respondents filed a second motion to dismiss on August 12, 2024 with the available record and served copies on Petitioner. (ECF No. 19-20.) Petitioner did not file a traverse. The matter is fully briefed and ready for decision.

## II.     TIMELINESS ANALYSIS

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2244(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). In the typical case, the AEDPA limitations period is calculated from the date on which his judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction

becomes final when the time for filing a certiorari petition expires.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petitioner filed under § 2254).

Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This exception to the one-year limitation period is known as statutory tolling.  *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).  An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought.  *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)."  *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed."  *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001).  As explained by the Third Circuit in *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013),

> if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of" statutory tolling of AEDPA's limitation period, [*Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)] (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether [the state court] also addressed the merits of the claim, or whether [the state court's] timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226.

Thus, it is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2).  *See Pace*, 544 U.S. at 414 ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter

for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).

The Court begins with whether there is a final judgment with respect to the Parsippany robbery and finds that the conviction is final for purposes of AEDPA. The transcript provided by Respondents clearly shows that the state court resentenced Petitioner with respect to the Parsippany robbery on January 30, 2007 in accordance with the Appellate Division's directive. The Amended JOC issued in connection with the January 30, 2007 resentencing lists the counts and sentence associated with the Totowa robbery but states that Petitioner was resentencing under *Pierce* and *Natale*, the latter of which was the basis for the Parsippany remand. Although the Amended JOC omits reference to the Parsippany conviction and sentence, New Jersey law holds that when there are discrepancies between the oral sentence and the written judgment, the oral sentence generally controls. *State v. Warmbrun*, 277 N.J. Super. 51, 58 n. 2 (App. Div.1994) (citing *State v. Pohlabel*, 40 N.J. Super. 416, 423 (App. Div. 1956)); *see also United States v. Perez-Colon*, 62 F.4th 805, 807 n.1 (3d Cir. 2023) (under federal law, oral pronouncement of sentence controls where it conflicts with written judgment). The Court also notes that the Totowa and Parsippany convictions were distinct and consolidated only for purposes of appeal and the resentencing proceedings. It appears that the resentencing court should have entered a separate amended JOC for the Parsippany conviction and sentence. *See e.g., State v. Randolph*, 210 N.J. 330, 336 (2012) (suggesting that a remand for resentencing under *Natale* requires an amended judgment of conviction even where the court re-imposes the same sentence). Nevertheless, the Court finds that this type of clerical error or oversight in failing to list the Parsippany sentence in the Amended JOC or failing to enter a separate amended judgment for the Parsippany conviction does not prevent the judgment from becoming final in light of the sentencing record.

The Court also assumes Petitioner's resentencing under *Natale* amounts to a new judgment in calculating the timeliness of his federal habeas petition.  *See, e.g., Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300-01 (3d Cir. 2019) (analyzing when a resentencing results in a new judgment as to every count of a conviction or only some counts of a conviction); *Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 224–25 (3d Cir. 2022) (explaining that "both a conviction and sentence are necessary to authorize a prisoner's confinement" and create a judgment for the purposes of a § 2254 petition); *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (judgment becomes final when time for challenging conviction and sentence expires).  As explained below, this assumption does not save the Petition from being untimely.

Petitioner did not appeal the resentencing or Amended JOC with respect to his convictions for the Totowa or Parsippany robberies, *see* N.J. Ct. R. 2:4-1 (providing a 45-day appeal period); *see also De Jesus v. Administrator New Jersey State Prison*, 797 F. App'x 703, 704 (3d Cir. 2020) (holding that the petitioner's conviction became final 45 days after the time to appeal expired where he did not appeal his resentencing).  The New Jersey Supreme Court denied certification on his original conviction on April 30, 2007.  There are two possible dates on which Petitioner's conviction became final:  1) March 16, 2007, which is 45 days after the time to appeal his resentencing expired; or 2) July 30, 2007, when the time to file a petition for certiorari expired.  The Court uses the latter date.

Respondents appear to contend that Petitioner would be entitled to statutory tolling from September 20, 2007 through June 5, 2012 while his first PCR challenging the Totowa conviction was pending.[7]  (*See* Respondents' Brief at 21.)

---

[7] Because Petitioner was not challenging his conviction and sentence for the Parsippany robbery, it seems doubtful that he would receive statutory tolling for this period.  Nevertheless, Petitioner's resentencing on the Totowa and Parsippany robberies were conducted in the same proceeding and

Petitioner contends that he filed his first PCR with respect to the Parsippany robbery on February 6, 2008, and this PCR remained pending until October 8, 2014, when it was dismissed without prejudice. In his Petition, Petitioner claims that he filed a motion for reconsideration (ECF No. 1 at 19), but he has not provided any record evidence showing that he sought reconsideration or appealed the October 8, 2014 dismissal of his PCR, and the Court does not credit this bald allegation. Even assuming that the February 6, 2008 PCR was properly filed and remained pending until October 8, 2014, the limitations period under AEDPA began to run 45 days later, when the time to appeal expired.

Petitioner filed a number of additional collateral attacks. He filed a motion to correct an illegal sentence with respect to the Totowa robbery on March 5, 2015, and that motion remained pending until December 5, 2015, when his appeal was dismissed for failure to pay the filing fee. Petitioner filed another PCR on September 4, 2018 that arguably related to both the Parsippany and Totowa robberies, but the trial court and Appellate Division denied this PCR as untimely, and the Supreme Court denied certification on September 13, 2021. In the meantime, Petitioner filed another motion to correct an illegal sentence on June 14, 2021, which concluded on October 3, 2023, when the New Jersey Supreme Court denied certification.

A petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2). *Pace*, 544 U.S. at 414 ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted); *see also Allen v. Siebert*, 552 U.S. 3 (2007).

---

the resentencing court signed only one Amended JOC, possibly in error. This is turn led the PCR court to view these separate convictions as a single conviction. As explained below, even if Petitioner is entitled to statutory or equitable tolling for this period, his Petition is still untimely.

The Court found Petitioner's 2018 PCR untimely, and thus he is not entitled to statutory tolling for that period. Thus, even if the Court counts only the time between December 6, 2015 and October 20, 2021, the Petition is untimely by more than four years.

Although the Petition is untimely, the one-year limitations period is subject to equitable tolling. *See Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 619 (3d Cir. 1998); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling applies when a petitioner has been prevented in "some extraordinary way" from timely filing and has "exercised reasonable diligence" in bringing the claims. *Nara v. Frank*, 264 F.3d 310, 319 (3d Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002). The petitioner bears the burden of establishing both extraordinary circumstances and reasonable diligence. *See Pace*, 544 U.S. at 418. There are no bright lines for determining eligibility. *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Although this equitable doctrine is used sparingly, the assessment is flexible and the particular circumstances of the petitioner must be taken in to account. *Id.*

To satisfy the diligence prong, a petitioner must demonstrate that he has been pursuing his rights with "reasonable diligence in the circumstances." *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)); *accord Holland*, 560 U.S. at 653. Determining whether a petitioner has exercised "reasonable diligence" is a "fact-specific" inquiry and, again, "depends on the circumstances faced by the particular petitioner." *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012); *see also Wilson*, 426 F.3d at 661. A petitioner need not have acted with "maximum feasible diligence," *Munchinski*, 694 F.3d at 331 (quoting *Holland*, 560 U.S. at 653), but he also cannot have been "sleeping on his rights," *id.* (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)). This "reasonable diligence"

requirement applies not only to a petitioner's filing for federal habeas relief, but it also extends to the steps that the petitioner takes to exhaust available state court remedies. *See Martin v. Administrator New Jersey State Prison*, 23 F.4th 261, 273 (3d Cir. 2022) (citing *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)). Although courts do not "expect Herculean efforts on the part of" a petitioner in exercising "reasonable diligence," a "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800, 802; *see Sch. Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling.").

Petitioner has not filed a response to Respondents' second motion to dismiss or provided any additional facts or arguments in support of equitable tolling, other than those submitted in his motion to reopen and traverse to the initial motion to dismiss. In those submissions, Petitioner has not shown that extraordinary circumstances stood in the way of his timely filing or that he exercised reasonable diligence. Petitioner focuses on his claim that he filed a PCR in connection with the Parsippany robbery in February 2008 that was ignored by the PCR court, but he fails to explain why he did not follow up on that PCR until March 2014. Petitioner also emphasizes that the PCR court mistakenly believed that his February 2008 PCR was a second PCR and erred in dismissing on that basis. Even if the PCR court failed to address Petitioner's PCR and improperly dismissed it as a second PCR, Petitioner should have followed up earlier and could have appealed the dismissal to the Appellate Division but did not do so. As such, he has not shown reasonable diligence. Moreover, even if the Court provided Petitioner with equitable tolling for the entire period from February 8, 2008, when he allegedly filed his PCR for the Parsippany robbery, through October 8, 2014, when the PCR court dismissed that PCR as a second PCR, the time began to run again 45 days later and was not tolled by Petitioner's 2018 PCR, which the state courts dismissed

as untimely in 2021. Petitioner has not provided a basis for equitable tolling as to this lengthy period of time, and the Court finds that he is not entitled to equitable tolling.

For these reasons, the Court dismisses the Petition as untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons explained in this Memorandum Opinion, the Petition is untimely, and Petitioner has not established a valid basis for equitable tolling. As such, the Court will grant the

motion to dismiss, and dismiss the Petition as untimely.  The Court also declines to issue a certificate of appealability.  An appropriate Order follows.

3/28/25

                                                Hon. Madeline Cox Arleo
                                                United States District Judge